IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHLEEN A. MILLER,** | : | **Civil Action No.** |
| Plaintiff, | : | |
| v. | : | **Jury trial demanded** |
| **SUPERVALU, INC.** | : | |
| Defendant. | : | **Electronically Filed** |

## COMPLAINT

Plaintiff, Kathleen A. Miller,[1] by her undersigned counsel, brings this action for compensatory and punitive damages and further Complaint against Defendant pursuant to the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621, *et seq.* and the Pennsylvania Humans Relations Act 43 P.S. 951-963 and alleges and states as follows:

### PARTIES

1. Plaintiff, Kathleen A. Miller, is a fifty-four (54) year-old female, with a place of residence of 4550 Green Tree Road, Reading, Pennsylvania 19606.

---

[1] After her termination from employment with SUPERVALU and the initiation of the complaint with the Pennsylvania Human Relations Commission and the Equal Opportunity Commission, Ms. Miller married. Her legal name is now Kathleen A. Cortellessa.

7002026_1

2. Defendant, SUPERVALU, Inc., is a foreign corporation with its corporate headquarters located at 11840 Valley View Road, Eden Prairie, Minnesota 55344. It has a distribution facility located at 500 South Muddy Creek Road, Denver, PA 17517 ("Lancaster Distribution Facility").

3. This is an action for compensatory and punitive damages under federal and state law. The Court has jurisdiction by reason of 28 U.S.C. §1331 (federal law claims) and §1367(a) (state law claims).

4. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(c).

5. Ms. Miller has exhausted all of her administrative remedies and has satisfied all procedural requirements to proceed with this action.

6. This action has been initiated within ninety (90) days of Ms. Miller's receipt of a right to sue letter from the Equal Employment Opportunity Commission.

**FACTUAL AVERMENTS**

7. Ms. Miller began her employment with SUPERVALU, Inc. on June 20, 1988.

8. At the time of her termination from employment, Ms. Miller served in the role of Human Resources Manager. She was appointed to that position on April 21, 2000.

9. At the time of her termination from employment, Ms. Miller was assigned to the Harrisburg Distribution Center situate at 3900 Industrial Road, Harrisburg, Pennsylvania 17110.

10. SUPERVALU closed the Harrisburg Distribution center and terminated the employment of a majority of employees working at the distribution center, including the position of Ms. Miller.

11. Ms. Miller's position with SUPERVALU was eliminated on November 1, 2009.

12. On or about February, 2009, SUPERVALU listed an internal job posting for Associate Relations Manager in the Lancaster Distribution Center.

13. As the title of the positions suggests, an Associate Relations Manager and a Human Relations Manager are managerial positions.

14. The Associate Relations Manager position included responsibility for negotiating with the unions.

15. Four (4) individuals, including Ms. Miller, applied for that position. Ultimately, each of the four (4) individuals interviewed with Susan Gross, Bob Manley and Beth Kroutch for this position.

16. Only one of the four internal applicants had experience negotiating with unions. After the initial interview, that candidate withdrew his application.

17. Of the remaining three candidates, Ms. Miller was the only candidate with managerial experience in human relations. Despite this, SUPERVALU deliberately excluded her from the second phase of the interview process in which each candidate interviewed with Paul Cimmerer.

18. SUPERVALU determined that since none of the remaining internal applicants had experience negotiating with unions, SUPERVALU would conduct a nationwide search.

19. In the interim, during that search, SUPERVALU placed one of the three internal candidates, Megan Criss, a female under forty (40) years of age, in the position of Associate Relations Manager temporarily.

20. Prior to temporarily assuming the position of Associate Relations Manager, Ms. Criss served as a human resources, generalist. She had no managerial experience.

21. Ms. Miller supervised and trained Ms. Criss.

22. Ms. Criss was not qualified to assume the role of a manager.

23. At the conclusion of the nationwide search, SUPERVALU awarded the position to Ms. Criss because Ms. Criss is younger and is perceived to have sufficient time for SUPERVALU to advance her in the company.

24. It is believed that SUPERVALU perceived Ms. Miller's opportunity for further advancement to have passed because of her age.

25. Ms. Miller's performance reviews during the time that she served as an Human Resources Manager were exemplary.

26. Ms. Miller has proven leadership skills far beyond that of Ms. Criss' experience level. For example, unlike Ms. Miller, Ms. Criss had no experience with respect to investigation of claims of discrimination and providing testimony on behalf of SUPERVALU before employment administrative tribunals and limited experience with the investigation and resolution of internal grievances.

27. Ms. Miller and Ms. Criss' immediate supervisor, and one who played an important role in making the determination for hiring for the position is Veronica Donchez, Vice-President of Human Resources, Eastern Region.

## COUNT I
### (VIOLATION OF FEDERAL DISCRIMINATION LAWS)

28. Ms. Miller incorporates the averments in paragraph 1 through 27 as if fully set forth herein.

29. Ms. Miller is over the age of forty (40) and therefore is protected in her employment by the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621, *et. seq.*

30. SUPERVALU discriminated against Ms. Miller when it failed to hire her for the position of Associate Relations Manager and instead, awarded the position to Ms. Criss, who is under the age of forty and lacked relevant experience.

31. But for Ms. Miller's age, SUPERVALU would have awarded the position of Associate Relations Manager to Ms. Miller.

32. By hiring an unqualified younger individual to fill a position for which Ms. Miller was highly qualified, SUPERVALU unlawfully discriminated against her.

33. Ms. Miller was detrimentally affected because as of November 1, 2009, her employment with SUPERVALU ended when the Harrisburg Distribution Center closed.

34. SUPERVALU's actions constitute unlawful employment practices within the meaning of the Age Discrimination and Employment Act of 1967.

35. As a consequence of SUPERVALU's unlawful employment practices, Ms. Miller has been damaged to the extent of an amount that exceeds four hundred fifty thousand dollars ($450,000.00) for compensatory damages.

36. SUPERVALU's violations of the Age Discrimination and Employment Act of 1967 was willful and therefore, Ms. Miller is entitled to punitive damages.

## COUNT II
### (VIOLATION OF STATE DISCRIMINATION LAWS)

37. Ms. Miller incorporates the averments in paragraph 1 through 36 as if fully set forth herein.

38. Ms. Miller is protected under state civil rights laws as a person over 40 years of age.

39. SUPERVALU discriminated against Ms. Miller when it failed to hire her for the position of Associate Relations Manager and instead, awarded the position to Ms. Criss, who is under the age of forty and lacked relevant experience.

40. By hiring an unqualified younger individual to fill a position for which Ms. Miller was highly qualified, SUPERVALU unlawfully discriminated against her.

41. Ms. Miller was detrimentally affected because as of November 1, 2009, her employment with SUPERVALU ended when the Harrisburg Distribution Center closed.

42. SUPERVALU's actions constitute unlawful employment practices within the meaning of the Age Discrimination and Employment Act of 1967.

43. As a consequence of SUPERVALU's unlawful employment practices, Ms. Miller has been damaged to the extent of an amount that exceeds four hundred fifty thousand dollars ($450,000.00) for compensatory damages.

44. Ms. Miller also seeks all appropriate remedies under Section 9 of the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*.

WHEREFORE, Ms. Miller respectfully requests that this Court enter judgment in her favor and against SUPERVALU and or SUPERVALU to:

1. promote her to the Associate Relations Manager in the Lancaster Distribution Center or its equivalent with back pay;

2. pay her lost wages and benefits;

3. pay her compensatory damages for her emotional distress and humiliation;

4. pay her punitive damages;

5. pay her attorneys' fees and costs of suit; and/or

6. take such other and further action to comply with the law and make Ms. Miller whole.

## **Jury Demand**

Ms. Miller demands a trial by jury.

Dated: February 8, 2011

Respectfully submitted,

/s/ Jacqueline Jackson-DeGarcia
Jacqueline Jackson-DeGarcia
PA68745
**DILWORTH PAXSON LLP**
112 Market Street, Suite 800
Harrisburg, PA 17101
Tel: 717-236-4812
Fax: 717-236-7811
jdegarcia@dilworthlaw.com

*Attorneys for Plaintiff
Kathleen Miller*