IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN A. MILLER | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 11-944 |
| SUPERVALU, INC. | : | |
| Defendant. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT SUPERVALU, INC. TO PLAINTIFF'S COMPLAINT

Defendant SUPERVALU, Inc. ("SUPERVALU" or the "Company") hereby answers the Complaint in accordance with the numbered paragraphs thereof as follows. Allegations which are not specifically admitted by SUPERVALU are denied. As to the preliminary paragraph, SUPERVALU admits that the Plaintiff is Kathleen A. Miller and that she has filed a Complaint seeking compensatory and punitive damages for alleged violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951-963. SUPERVALU denies that it violated these laws and denies that Plaintiff is entitled to any relief.

### PARTIES

1.  SUPERVALU admits that Kathleen A. Miller is the Plaintiff and that she is age 56. The Company is without knowledge or information sufficient to form a belief as to the truth or falsity of Ms. Miller's current address, and therefore denies those allegations. The remaining allegations in paragraph 1 are denied.

2.  SUPERVALU admits the allegations in paragraph 2 of the Complaint.

3. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, SUPERVALU admits that this Court has jurisdiction by reason of 28 U.S.C. § 1331 over the federal law claims and by reason of § 1367(a) over the state law claims. SUPERVALU admits that Plaintiff seeks compensatory and punitive damages. SUPERVALU denies that Plaintiff is entitled to the relief sought.

4. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, SUPERVALU admits that venue is proper in the United States District Court for the Eastern District of Pennsylvania.

5. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, SUPERVALU denies the allegations in paragraph 5 of the Complaint.

6. SUPERVALU admits the allegations in paragraph 6 of the Complaint.

**FACTUAL AVERMENTS**

7. SUPERVALU admits the allegations in paragraph 7 of the Complaint.

8. SUPERVALU admits that at the time of the termination of her employment, Ms. Miller held the position of Human Resource Manager at the Harrisburg Distribution Center. The remaining allegations are denied.

9. SUPERVALU admits the allegations in paragraph 9 of the Complaint.

10. SUPERVALU admits the allegations in paragraph 10 of the Complaint.

11. SUPERVALU admits that Ms. Miller's position with SUPERVALU was eliminated on November 2, 2009. The remaining allegations in paragraph 11 are denied.

12. SUPERVALU admits the allegations in paragraph 12 of the Complaint.

13. SUPERVALU admits only that both Associate Relations Manager and Human Relations Manager are considered "manager" positions. SUPERVALU denies the inference that the nature of the managerial responsibilities are the same. The posted Associate Relations Manager position did not supervise other employees. The nature of the managerial work was to manage the four labor agreements in place at the facility and to manage the Company's relationships with the Union leaders.

14. Admitted in part and denied in part. SUPERVALU admits only that a part of the responsibilities of the Associate Relations Manager included assisting the Company's Labor Relations Department in collective bargaining negotiations with the unions. The remaining allegations in paragraph 14 are denied.

15. SUPERVALU admits that four internal applicants, including Ms. Miller, applied for the Associate Relations Manager position in response to the internal posting. The Company admits that the four internal candidates interviewed with Susan Gross, Bob Manley and Beth Kroutch.

16. SUPERVALU denies that only one of the four internal applicants had experience negotiating with unions. SUPERVALU admits that the candidate who was first extended an offer declined the offer. The remaining allegations in paragraph 16 are denied.

17. SUPERVALU denies the allegations in paragraph 17 of the Complaint.

18. SUPERVALU admits only that it conducted a nationwide search. The remaining allegations in paragraph 18 are denied.

19. SUPERVALU admits the allegations in paragraph 19 of the Complaint.

20. SUPERVALU admits only that prior to temporarily assuming the position of Associate Relations Manager, Ms. Criss' title at SUPERVALU was Human Resources

Generalist II, and that for a period of time Ms. Criss temporarily assumed the position of Associate Relations Manager. The remaining allegations in paragraph 20 are denied.

21. SUPERVALU admits only that at times Ms. Miller provided informal training to Ms. Criss and that Ms. Miller supervised Ms. Criss for a period of approximately 18 months. The remaining allegations in paragraph 21 are denied.

22. SUPERVALU denies the allegations in paragraph 22 of the Complaint.

23. SUPERVALU admits only that it awarded the position of Associate Relations Manager to Ms. Criss. The remaining allegations in paragraph 23 are denied.

24. SUPERVALU denies the allegations in paragraph 24 of the Complaint.

25. SUPERVALU denies the allegations in paragraph 25 of the Complaint.

26. SUPERVALU denies the allegations in paragraph 26 of the Complaint.

27. SUPERVALU admits that Ms. Donchez, Vice President of Human Resources, Eastern Division, was the direct supervisor of Ms. Miller. SUPERVALU denies that Ms. Donchez was Ms. Criss' direct supervisor, with the exception of the time frame in which Ms. Criss served on a temporary basis as Human Resources manager at the Perryman, Maryland facility when she reported to Ms. Donchez. SUPERVALU admits that Ms. Donchez had a role in making the determination for hiring the Associate Relations Manager. The remaining allegations in paragraph 27 are denied.

**COUNT I**
**(VIOLATION OF FEDERAL DISCRIMINATION LAWS)**

28. SUPERVALU incorporates by reference its responses to paragraphs 1 through 27 above as if set forth in full.

29. SUPERVALU admits that because Ms. Miller is age 40 or older she is entitled to the protections of the Age Discrimination in Employment Act ("ADEA").

4

30.   SUPERVALU denies the allegations in paragraph 30 of the Complaint.

31.   SUPERVALU denies the allegations in paragraph 31 of the Complaint.

32.   SUPERVALU denies the allegations in paragraph 32 of the Complaint.

33.   SUPERVALU admits only that Ms. Miller's employment ended because the Harrisburg Distribution Center closed. SUPERVALU denies the inference that Ms. Miller was detrimentally affected by any unlawful action.

34.   SUPERVALU denies the allegations in paragraph 34 of the Complaint.

35.   SUPERVALU denies the allegations in paragraph 35 of the Complaint.

36.   SUPERVALU denies the allegations in paragraph 36 of the Complaint.

## COUNT II
### (VIOLATION OF STATE DISCRIMINATION LAWS)

37.   SUPERVALU incorporates by reference its responses to paragraphs 1 through 36 above as if set forth in full.

38.   SUPERVALU admits that because Ms. Miller is age 40 or older she is entitled to protection under the Pennsylvania Human Relations Act.

39.   SUPERVALU denies the allegations in paragraph 39 of the Complaint.

40.   SUPERVALU denies the allegations in paragraph 40 of the Complaint.

41.   SUPERVALU admits only that Ms. Miller's employment ended on November 2, 2009 because the Harrisburg Distribution Center closed. SUPERVALU denies the inference that Ms. Miller was detrimentally affected by any unlawful action. The remaining allegations in paragraph 41 are denied.

42.   SUPERVALU denies the allegations in paragraph 42 of the Complaint.

43.   SUPERVALU denies the allegations in paragraph 43 of the Complaint.

44.     SUPERVALU admits only that Ms. Miller pleads that she is entitled to all appropriate remedies under Section 9 of the Pennsylvania Human Relations Act ("PHRA"). SUPERVALU denies that it violated the PHRA and denies that Ms. Miller is entitled to any relief.

SUPERVALU denies the allegations in the WHEREFORE clause.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff challenges actions other than SUPERVALU's decision to hire Ms. Criss as the Associate Relations Manager, Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that she did not exhaust administrative remedies and comply with all administrative pre-requisites, including filing a timely charge of discrimination.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, estoppel, fraud or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by Plaintiff's failure to mitigate her claimed damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the Pennsylvania Human Relations Act are barred because she did not wait until the Pennsylvania Human Relations Commission closed its file and issued a notice of dismissal.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of after acquired evidence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because SUPERVALU had in effect, at all relevant times, a procedure for employees to address claims of harassment or other discriminatory treatment, and exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory treatment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff unreasonably failed to take advantage of SUPERVALU's preventative and corrective opportunities or to avoid harm otherwise.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because SUPERVALU acted for legitimate reasons other than age.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages may be barred in whole or in part by the exclusivity provisions of the Pennsylvania Workers Compensation Act.

## RESERVATION OF RIGHTS

SUPERVALU reserves the right to amend or add additional defenses which may become later known during the course of discovery or revealed during pretrial procedures.

**WHEREFORE**, Defendant SUPERVALU, Inc. demands judgment in its favor and requests this Court to enter an order dismissing Plaintiff's Complaint with prejudice and awarding SUPERVALU attorneys' fees, costs of suit, and such other relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Elizabeth A. Malloy*          (*EM962*)
Elizabeth A. Malloy
Kelly L. Bannister
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA   19102-2555
(215) 665-5310

Attorneys for Defendant,
SUPERVALU Inc.

DATED: May 2, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2011, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant SUPERVALU, Inc. to Plaintiff's Complaint to be filed via the Office Court Electronic Document Filing System. The aforementioned document is now available for viewing and downloading from the ECF system. By virtue of this filing, service is complete upon the following:

>Jacqueline Jackson-DeGarcia, Esquire
>Dilworth Paxson LLP
>112 Market Street, Suite 800
>Harrisburg, PA  17101
>*Attorneys for Plaintiff*

/s/ *Elizabeth A. Malloy*          (*EM962*)
ELIZABETH A. MALLOY

2984998v2